IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:18-499-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JASHAWN OSHEA LIVINGSTON | ) | |
| _____ | ) | |

This matter is before the court on the defendant's *pro se* motion[1] for a reduction in his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A).  The defendant contends that based upon changes to substantive law and sentencing law, his sentence should be reduced.

In its opposition memorandum, the government argues that the defendant has only one charge of possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c) and that his 60-month sentence on that charge was not impermissibly stacked, thus his motion should be denied.  The defendant did not reply to the government's response.

For the following reasons, the defendant's motion (ECF No. 77) is respectfully denied.

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on

_____

[1]  The defendant's motion was filed on January 13, 2021.  The court deferred ruling on the motion until the defendant's appeal was resolved and the mandate issued.

1

their behalf.  The defendant may file a motion with the court after (1) fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).  *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021).

Here, however, the defendant will not be required to exhaust his remedies on the intervening changes in the law claims because the Warden is bound by U.S. Sentencing Guideline (U.S.S.G.) § 1B1.13 which limits the authority of the Warden to grant compassionate release requests to certain specified categories. A change in sentencing law or change to the career offender law is not within the jurisdiction of the Warden.  Therefore, to require the defendant to return to the Warden to request relief that is not within the Warden's power to give would be pointless.  This is different from the exhaustion requirement for motions for compassionate release based on medical or family issues.

## STANDARD OF REVIEW

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *See Jackson*, 952 F.3d at 495.

2

Commonly termed the "compassionate release" provision, § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. It was originally adopted as part of the Sentencing Reform Act of 1984.

On December 21, 2018, the First Step Act was signed into law. Broadly, the Act's goals were to reform federal prisons and sentencing laws to reduce recidivism, decrease the federal inmate population, and maintain public safety. The First Step Act also expanded the existing compassionate release provisions of federal law by allowing an inmate to move for compassionate release himself, rather than allowing only the Director of the Bureau of Prisons (BOP) to do so. The relevant portion of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, provides:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

By its terms, § 3582(c)(1)(A) permits the court to reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if the court first finds that (i) extraordinary and compelling reasons warrant such a reduction; and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing

Commission.  In addition, a district court may not grant a sentence reduction under § 3582(c)(1)(A) without considering the § 3553 factors to the extent they are applicable. *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).

In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit agreed with the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and found that there is, as of now, no "applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A)," and as a result, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise."  *McCoy*, 981 F.3d at 284 (citing *Brooker*, 976 F.3d at 230); *see also, Kibble*, 992 F.3d at 331.

A defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification.  28 U.S.C. § 994(t).  Also, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps.  *See United States v. High*, 997 F.3d 181, 185–86  (4th Cir. 2021).  First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction.  Next, the court considers whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission.  As noted previously in this order and as set out in *McCoy*, because there is no

4

applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A), district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

## DISCUSSION

### I. *Claims of an Erroneous Stacking Under § 924(c)*

Prior to the First Step Act, sentences under 18 U.S.C. § 924(c) were "stacked" such that there was a 5 to 10 year mandatory minimum for the first offense and a consecutive 25-year sentence was imposed for subsequent convictions. *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020). After the First Step Act, the 25-year sentence for subsequent violations was clarified to apply only when a prior § 924(c) conviction arises from a separate case and has already become final. *Id*. That change was not made retroactive for sentences that were imposed before the First Step Act became law.

The defendant pled guilty to one count of possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); one count of being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g); and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

This court sentenced the defendant to a total term of imprisonment of 116 months, which consisted of 56 months on Counts 1 and 3; and 60 months consecutive on Count 2 (the § 924(c) conviction). The defendant had no prior § 924(c) conviction, nor was he charged with—or convicted of—more than one count of possessing a firearm in furtherance of a drug trafficking crime. Accordingly, because the defendant had only one § 924(c) conviction, his 60-month sentence on the § 924(c) charge was not impermissibly stacked contrary to the First Step Act.

After carefully considering the applicable law, the arguments of the parties, and the record before it, the court concludes that the defendant has not met his burden of establishing that he has an extraordinary and compelling reason such that he is eligible for release under § 3582(c)(1)(A). As the court finds no extraordinary and compelling reason, it is not necessary for the court to address the § 3553(a) factors.

Accordingly, the defendant's motion (ECF No. 77) is respectfully denied.

IT IS SO ORDERED.

November 1, 2022                      Joseph F. Anderson, Jr.
Columbia, South Carolina            United States District Judge